UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH BULLARD,

    Petitioner,               Civil No. 2:14-CV-12252
                                      HONORABLE DENISE PAGE HOOD
v.                                 CHIEF UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Keith Bullard, ("Petitioner"), presently confined at the Alger Maximum Correctional Facility in Munising, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree criminal sexual conduct, M.C.L.A. § 750.520c(1)(A).

Respondent filed an answer to the petition. As part of the answer, respondent asks this Court to dismiss the petition on the ground that petitioner's sixth claim, pertaining to the trial judge's utilization of factors to increase his minimum sentence that were not submitted to the jury, is unexhausted. In *lieu* of dismissing the petition for writ of habeas corpus, the Court will hold the petition in abeyance and will stay the proceedings

1

under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust the additional claim, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Huron County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Bullard,* No. 310854 (Mich. Ct. App. Jun. 19, 2013), *lv. den.* 840 N.W.2d 357 (Mich. 2013).

Petitioner filed his petition for a writ of habeas corpus on June 6, 2014, in which he sought habeas relief on the following grounds:

> I. In prohibiting admission of defense expert testimony, the trial court violated the rules of evidence, and the constitutional right to present a defense.
>
> II. The trial court's improper admission of hearsay evidence of complainant's statement to Kevin Scherret and hospital staff rendered the trial unfair and violated Mr. Bullard's due process rights.
>
> III. Conviction is based on the testimonial hearsay statements of an unavailable declarant. Violation of Sixth Amendment right to confrontation by admitting the statements and reports at the hospital.
>
> IV. Violation of right to counsel, where there was a breakdown in the relationship with counsel, the trial judge refused request

2

for new counsel without an adequate inquiry into the breakdown.

V. The trial court denied Appellant his constitutional due process right to a fair trial and abused its discretion by denying the motion to appoint an expert in forensic interviewing.

VI. Appellant's Sixth and Fourteenth Amendment rights were violated by judicial fact finding which increased the floor of the permissible sentence.

## II. DISCUSSION

The petition for writ of habeas corpus is subject to dismissal because petitioner has not properly exhausted his sixth claim alleging that the trial court judge used factors that had not been submitted to the jury to increase his minimum sentence.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005).

Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Petitioner added a sentencing issue on his appeal to the Michigan Supreme Court but did not raise it before the Michigan Court of Appeals. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his sixth claim in his appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F.App'x. 491, 494 (6th Cir. 2011) *Farley v. Lafler,* 193 F.App'x. 543, 549 (6th Cir.

2006); *Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.3d at 423. Moreover, with the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419. Petitioner could exhaust his unexhausted claim by filing a post-conviction motion for relief from judgment with the Huron County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from

the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, M.C.R. 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

    The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of these issues in the state courts.

    A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

A federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 544 U.S. 269, 272-78 (2005). However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 278. Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.* The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* [1]

---

[1] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F.App'x. 414, 422, n. 7 (6th Cir. 2005).

Petitioner's claim does not appear to be "plainly meritless." *Wagner,* 581 F.3d at 419. Furthermore, petitioner may assert that he did not previously raise this claim in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F.3d at 721*; see also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may

order the Clerk to reopen this case for statistical purposes.

                          S/Denise Page Hood
                          Denise Page Hood
                          Chief Judge, United States District Court

Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2016, by electronic and/or ordinary mail.

                          S/Shawna C. Burns
                          Case Manager Generalist